In the Matter of the Claim of REVA BENOWITZ, Respondent, against JACOB BENOWITZ, INC., et al., Appellants. SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded death benefits and held the Special Disability Fund under subdivision 8 of section 15 liable after 104 weeks' payments by the carrier. The Special Fund did not appeal. The board found that decedent's fatal heart attack was due to his "work of unusual strain and overexertion" in taking the semi-annual inventory of the small manufacturing business which he and his brother operated. The brother testified that this work ordinarily required a full eight-hour day and involved considerable bending and lifting in connection with the moving and handling of kegs of nails weighing up to 100 pounds, cans of paint weighing from 10 to 20 pounds, hardware stored in bins, lumber stacked in the basement and finished work, consisting, apparently, of refrigerators and store fixtures. Appellants assert that there is no proof that decedent performed this work. The board was entitled, however, to find that he was engaged in it when stricken, this as a reasonable inference from his brother's testimony that when he left the premises at about 9:00 A.M. decedent "had just started" taking inventory and from other testimony that when decedent was found dead an hour or two later he was in the room where the tools and kegs to be inventoried were kept and that near

his feet was a paint can from which lacquer had spilled and was seeping under his body. Appellants stress the absence of proof of the existence of any inventory records but if that gave rise to a conflicting inference it was for the board's consideration and would not have to be found conclusive. Appellants contend, further, that death resulted solely from the natural progression of decedent's pre-existing condition of cardiac decompensation and was unrelated to any strain or exertion, and appellants produced medical testimony to that effect. The city medical examiner, without benfit of an autopsy, certified the cause of death as coronary sclerosis and there was no agreement in the medical testimony upon any cause more immediate or specific. Decedent's attending physician testified that lifting and moving the cans of paint, as properly assumed in the question asked him, could have precipitated death and in his opinion did cause coronary occlusion and death. The doctor did not qualify his opinion and the board was entitled to accept it. Claimant's other medical expert first testified that this same activity was a factor in producing death, and upon a subsequent hearing said that his opinion was strengthened by additional proof taken in the interim as to the work (including the moving of nail kegs) customarily involved in taking inventory. It is true that this physician said that decedent might have collapsed in a similar manner if he had not been working and that probably the natural progress of the disease would *ultimately* have caused death in any event but that he had to deduce a relationship from the circumstances and that in the absence of exertion such as that hypothesized he would expect further episodes of congestive failure rather than the sudden death which did occur. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.